UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SHMUEL LOWENBEIN
on behalf of himself and
all other similarly situated consumers

                      Plaintiff,

    -against-


PORTFOLIO RECOVERY ASSOCIATES, L.L.C.

                      Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Shmuel Lowenbein seeks redress for the illegal practices of Portfolio Recovery Associates, L.L.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Norfolk, Virginia.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Shmuel Lowenbein*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 26, 2018, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The Plaintiff had previously contacted the Defendant, and attempted to dispute the alleged debt over the phone.

12. The Defendant informed the Plaintiff that it would mail correspondence to the Plaintiff's address and that the Plaintiff would be required to send back a dispute in writing.

13. The Defendant statements were in violation in that one does not have to dispute a debt in writing. See *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013) (Requiring a consumer to dispute a debt in writing violates the FDCPA.)

14. The Defendant further stated that the written dispute should have a reason.[1]

---

[1] Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any

15. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.[2]

16. The said letter stated in part: "We have completed our investigation of your dispute concerning this account. PRA, LLC has obtained and reviewed the attached documents related to this account which establish its validity."

17. As soon as the consumer disputes the debt in within thirty days, a debt collector cannot assume that the dispute is invalid nor can it assume that the debt itself is valid.

18. The Defendant knew the disputed nature of the said debt.

19. Defendant was well aware, from information it had received, that the debt had been disputed, yet the Defendant failed to communicate the disputed status of the debt.

20. Upon information and belief, Defendant and its employees intentionally denied the Plaintiff the dispute rights afforded to a consumer under the FDCPA.

21. Upon information and belief, Defendant and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in writing.

22. Upon information and belief, Defendant and its employee wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

23. Upon information and belief, Defendant and its employees failed to communicate that a disputed debt is disputed.

24. The acts and omissions of the Defendant and its employees done in connection with

---

dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

[2] Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute.)

efforts to collect a debt from the Plaintiff were done intentionally and willfully.

25. As an actual and proximate result of the acts and omissions of Defendant and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which Plaintiff should be compensated in an amount to be established by a jury at trial.

26. The initial letter that Plaintiff received from the Defendant, stated that unless the debtor disputed the debt within thirty days the collector would assume that the debt is valid.

27. However, if the consumer disputes the debt within the thirty days prescribed, the debtor overcomes the assumption of validity and the debt collector cannot assume that the debt is valid and the collector must report the dispute whenever communicating about the debt.

28. Since the Defendant knew that this debt was disputed by the Plaintiff, the Defendant's April 26, 2018 verification of debt was clearly erroneous.

29. Additionally, the letter sent along with the verification of debt was deceptive, since the letter attached should have just stated "attached is verification of the debt".

30. Instead, in addition, the letter falsely and misleadingly stated, "PRA, LLC has obtained and reviewed the attached documents related to this account which establish its validity".

31. Since the Plaintiff disputed the debt within thirty days of the initial notice, he overcame the assumption of validity and the debt collector was not allowed assume, (and certainly could not state) that the debt is valid.

32. In fact the FDCPA imposes a duty to report the disputed status of the debt whenever communicating about the debt.

33. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

34. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

35. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

36. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

37. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

38. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

39. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

40. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

41. As an actual and proximate result of the acts and omissions of Portfolio Recovery Associates, L.L.C., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated

in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

42. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty one (41) as if set forth fully in this cause of action.

43. This cause of action is brought on behalf of Plaintiff and the members of a class.

44. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 26, 2018; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank; and (b) the collection letter was returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(8) and 1692e(10), violations of the Fair Debt Collection Practices Act.

45. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

46. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

47. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

48. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

49. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

50. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
April 25, 2019

\_\_\_\_\_/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

\_\_\_\_\_/s/ Adam J. Fishbein\_\_\_\_
Adam J. Fishbein (AF-9508)



```
DEPT 922
PO BOX 4115
CONCORD CA 94524
```

Portfolio Recovery Associates, LLC

ADDRESS SERVICE REQUESTED

SHMUEL A LOWENBEIN

April 26, 2018

Re: Account Number ███████1760
Seller: CITIBANK N.A.
Original Creditor: CITIBANK N.A.

Total Balance as of the Date of this Letter: $29,439.34

WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.

Dear SHMUEL A LOWENBEIN:

In response to your dispute related to the above account, Portfolio Recovery Associates, LLC ("PRA, LLC") has enclosed additional documentation for your review.

We have completed our investigation of your dispute concerning this account.

PRA, LLC has obtained and reviewed the attached documents related to this account, which establish its validity.

If you wish to discuss this account, please call 1-800-772-1413. Our hours of operation are 8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun. (Eastern).

Sincerely yours,

Marlo Davis
Disputes Department

www.portfoliorecovery.com

**This communication is from a debt collector but is not an attempt to collect a debt.**
NOTICE: SEE ADDITIONAL PAGE(S) FOR IMPORTANT INFORMATION